# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRANDON BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 09-cv-983-JPG** |
| | ) | |
| **LT. PARKER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Brandon Baker brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Baker presents three distinct claims, as set forth here for clarity:

**COUNT 1:** Against Defendant Alfon for deliberate indifference to his medical needs with regard to treatment of his seizures, on or about June 5, 2009, in violation of his rights under the Eighth Amendment.

**COUNT 2:** Against Defendants Alsip and Perkins for issuing a false disciplinary report against him on June 17, 2009, in violation of his rights under the Fourteenth Amendment.

**COUNT 3:** Against Defendants Parker, Lt. McCuan, Favors, Copel, Hileman, C/O McCuan and Barker for use of excessive force on July 18, 2009, in violation of his rights under the Eighth Amendment.

Rule 18(a) of the Federal Rules of Civil Procedure permits Baker to assert all of his claims against one defendant in one civil action. Baker may also join two or more defendants in an action in which his claims against each arise out of the same incident or events. *See* FED.R.CIV.P. 20(a)(2).

In this case, each of the three counts seeks relief against an independent set of individuals. Further, none of his claims arise from the same transaction, occurrence, or series of transactions or

occurrences as in any other claim. The Seventh Circuit has confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). On review of the complaint, the claims against Defendants Alsip and Perkins in Count 2 of the complaint, and the claims against Defendants Parker, Lt. McCuan, Favors, Copel, Hileman, C/O McCuan and Barker in Count 3, are not sufficiently related to each other or to the claims against Defendant Alsop in Count 1 so as to allow them to proceed together in one lawsuit.

### SEVERANCE OF CLAIMS

Baker is **ADVISED** that the Court is inclined to sever Counts 2 and 3 from this action. If these claims are severed, they would be removed from this case and opened in a new case. A new case number would be assigned and a second filing fee would be assessed. Because the imposition of a second filing fee may impose a financial burden on him, Baker is **FURTHER ADVISED** that he may avoid severance (and the imposition of a second filing fee) by filing a motion to voluntarily dismiss Counts 2 and 3 without prejudice within thirty (30) days of the date of this order. Before filing that motion, Baker shall consider whether he could re-file the dismissed claims without running afoul of the applicable 2-year statute of limitations.

**IT IS HEREBY ORDERED** that if Baker does not voluntarily dismiss Counts 2 and 3 from this action within 30 days, the Court **SHALL SEVER** those claims into two new actions, as explained above.

**IT IS SO ORDERED.**

**Dated: June 17, 2010.**

                                                 s/ J. Phil Gilbert
                                                 U. S. District Judge