IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRANDON BAKER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-983-JPG |
| | ) | |
| **LT. PARKER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Brandon Baker brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Baker presents three distinct claims, as set forth here for clarity:

**COUNT 1:** Against Defendant Alfon for deliberate indifference to his medical needs with regard to treatment of his seizures, on or about June 5, 2009, in violation of his rights under the Eighth Amendment.

**COUNT 2:** Against Defendants Alsip and Perkins for issuing a false disciplinary report against him on June 17, 2009, in violation of his rights under the Fourteenth Amendment.

**COUNT 3:** Against Defendants Parker, Lt. McCuan, Favors, Copel, Hileman, C/O McCuan and Barker for use of excessive force on July 18, 2009, in violation of his rights under the Eighth Amendment.

In an order entered June 17, 2010 (Doc. 10), the Court advised Baker that he could not bring these three unrelated claims in one action. Baker was also advised that Count 2 and Count 3 would be severed into two new actions, unless he chose to voluntarily dismiss those claims within 30 days.

Baker quickly responded with a notice of voluntary dismissal of those claims (Doc. 11).[1]

Accordingly, Count 2 and Count 3 are **DISMISSED** on Baker's motion.

Only Count 1 remains before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## COUNT 1

Baker states that on June 5, 2009, he had a violent grand mal seizure. He was rushed to Marion Medical Center, where he remained for seven days. Upon his release, the hospital instructed that Baker receive an MRI a week later, and to then follow up with a neurologist within a month. Baker alleges that Defendant Alfon, the doctor at Shawnee, ignored these directives and refused to provide the proper care. As a result, Baker states that he suffered several more violent seizures. He also states that his medications were changed, leading to headaches, dizziness, depression, fatigue,

---

[1] In his motion, Baker actually says he wishes to dismiss Counts 2 and 4, but there is no Count 4 in this action. Baker also states that he wishes to proceed solely against Dr. Alfon in Count 1 for failure to treat his grand mal seizures.

and psychological imbalance.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Based on these standards, the Court is unable to dismiss this claim against Alfon at this time.

### DISPOSITION

**IT IS HEREBY ORDERED** that, on Plaintiff's motion, **COUNT 2** and **COUNT 3** are **DISMISSED** from this action without prejudice. Further, Defendants **PARKER, LT. McCUAN, FAVORS, COPEL, HILEMAN, C/O McCUAN, ALSIP, PERKINS** and **BARKER** are **DISMISSED** from this action.

**IT IS HEREBY ORDERED** that the Clerk shall prepare for Defendant **ALFON**: (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons. The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum

and Order to each Defendant's work address or employer address as provided by Plaintiff. If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above, or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: July 14, 2010.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**