IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDEN BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-cv-983-JPG-DGW |
| ) | |
| DR. DAVID ALFON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Now pending before the Court are a Motion for Appointment of Counsel (Doc. 3), a Motion for Consideration in Support of Motion for Appointment of Counsel (Doc.6), and a letter which the Court has construed as a second motion for appointment of counsel (Doc. 12) all filed by Plaintiff Branden Baker. For the reasons set forth below, these motions are **GRANTED**.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at

655.

Plaintiff has demonstrated a reasonable attempt to obtain counsel on his own (*see* explanation in Doc. 3 and exhibits to Doc. 6).  While Plaintiff's case is not complex–it involves only one claim and one defendant–he has relied on another inmate to draft all his previous filings.  The Court believes that Plaintiff will require assistance to amend his complaint, conduct discovery, and prepare other motions.  In other words, the Court does not believe he is capable of competently litigating the case without assistance of counsel.  Thus, the motions are **GRANTED**.

Accordingly, attorney **Turner Rouse, of Rouse Law Firm in Belleville, Illinois,** is hereby **APPOINTED** to represent the Plaintiff in this matter pursuant to SDIL-LR 83.1(i).[1]  The Court informs Attorney Rouse that the Plaintiff is currently detained by the Illinois Department of Corrections at the Western Illinois Correctional Center.

**IT IS SO ORDERED.**

**DATED: September 30, 2010**

                                                    **s/** *Donald G. Wilkerson*
                                                    **DONALD G. WILKERSON**
                                                    **United States Magistrate Judge**

---

[1] Under SDIL-LR 83.1(i), every member of the bar of this Court shall be available for appointment to represent or assist in the representation of those who cannot afford to hire an attorney.